DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS AND ST. JOHN

| | |
|---|---|
| CHRIS CARTY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil No. 2015-68 |
| | ) |
| RICK MULLGRAV, in his capacity | ) |
| as the Director of Prisons, and | ) |
| GILBERT DAVID, in his capacity | ) |
| as Prison Warden, | ) |
| | ) |
| Defendants. | ) |

**APPEARANCES:**

**Chris Carty**
Tutwiler, Mississippi
    *Pro se.*

## MEMORANDUM OPINION

**GÓMEZ, J.**

Before the Court is the August 28, 2018, Report and Recommendation of the Magistrate Judge.

### I.    FACTUAL AND PROCEDURAL HISTORY

On March 4, 2009, Chris Carty ("Carty") was convicted in the Superior Court of the Virgin Islands of first degree assault, using a dangerous weapon during a first degree assault, second degree murder, and using a dangerous weapon during a second degree murder. *See Carty v. David*, Civil No. 2015-61, [ECF 79] (filed August 18, 2015). Carty was sentenced to 60 years of incarceration in the Virgin Islands Bureau of Corrections ("BOC"). After serving a period of time at the BOC,

Carty was transferred to the Red Onion State Prison ("Red Onion") in Virginia.

Carty alleges that he receives inadequate medical care at Red Onion. [ECF 1] at 7-8. He claims that Red Onion's policies allow nurses to "crush" prisoners' medication. Carty further alleges that the nurses "crush unknown substances into [Carty's] medicine . . . and then administer" the medication to Carty. *Id.* at 1. This practice, Carty alleges, causes him substantial injury. *Id.* at 1-2. As a remedy, Carty seeks to be transferred from Red Onion Prison. *Id.* at 11.

Currently, Carty is being held at the Tallahatchie County Correctional Facility. *See Carty v. Mullgrav*, Civil No. 2016-56 [EFC 20] (filed on August 9, 2016) (describing Carty's movement between prisons).

On September 28, 2015, Carty filed a complaint in this Court against "Julius Wilson (Prison director)" and "Emmett Hansen (Prison Warden)" of the "Virgin Islands Bureau of Corrections Dept." [ECF 1].[1] Carty seeks a declaratory judgment and injunctive relief under 42 U.S.C. § 1983. On the same day, Carty also filed a motion seeking leave to proceed *in forma*

---

[1] The Magistrate Judge, *sua sponte*, amended the caption because Rick Mullgrav replaced Julius Wilson as Director of the Virgin Islands Bureau of Corrections. *See Chris Carty v. Rick Mullgrav*, Civil No. 2016-56, [ECF 20] (identifying Rick Mullgrav as the Virgin Islands Bureau of Corrections director).

*pauperis*, a motion to appoint counsel[2], and a memorandum of law in support of his complaint.

Because Carty is no longer housed at Red Onion, the facility allegedly responsible for Carty's injuries, the Magistrate recommended that Carty's claims be dismissed as moot. [ECF 8] at 3. The Court has reviewed the record *de novo*.

## II. DISCUSSION

"'Article III of the Constitution grants the federal courts the power to adjudicate only actual, ongoing cases or controversies.'" *Dunston*, 2016 WL 7413522, at *1 (quoting *Khodara Envtl., Inc. ex rel. Eagle Envtl. L.P. v. Beckman*, 237 F.3d 186, 192-93 (3d Cir. 2001)). "The mootness doctrine defines constitutionally minimal conditions for the invocation of federal judicial power." *North Carolina v. Rice*, 404 U.S. 244, 246 (1971). "A case is moot when 'the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome.'" *Id.* (quoting *City of Erie v. Pap's A.M.*, 529 U.S. 277, 287 (2000)). "The court's ability to grant effective relief lies at the heart of the mootness doctrine." *Donovan v. Punxsutawney Area Sch. Bd.*, 336 F.3d 211, 216 (3d Cir. 2003). "That is, '[i]f developments occur during the course of

---

[2] On September 30, 2016, the Magistrate Judge denied Plaintiff's motion. [ECF 6].

adjudication that eliminate a plaintiff's personal stake in the outcome of a suit or prevent a court from being able to grant the requested relief, the case must be dismissed as moot.'" *Id.* (quoting *Blanciak v. Allegheny Ludlum Corp.*, 77 F.3d 690, 698-99 (3d Cir. 1996)); *see also Dunston*, 2016 WL 7413522, at *1 ("A case becomes moot only when it is impossible for a court to grant any effectual relief whatever to the prevailing party." (internal quotation marks omitted)).

Where, as here, a prisoner has been transferred, extra-judicially, from an institution from which the prisoner currently seeks judicial intervention to be transferred, the request for such injunctive relief is moot. *See, e.g., Capozzi v. Bledsoe*, 560 F. App'x 157, 159 (3d Cir. 2014) (dismissing prisoner's claims for injunctive relief as moot where prisoner was transferred to a different prison); *Mollett v. Leicth*, 511 F. App'x 172, 174 (3d. Cir. 2013) ("The request for injunctive relief attacked conduct associated specifically with the Allegheny County Jail, but [Plaintiff] had long since been . . . transferred. From that moment forward, the District Court was plainly unable to fashion meaningful injunctive relief."); *Abdul-Akbar v. Watson*, 4 F.3d 195, 206 (3d Cir. 1993) ("It is equally plain that, from [the date of release] forward, the district court could not provide Abdul-Akbar with meaningful

relief by entering an injunctive order respecting the [facility] in which Abdul-Akbar no longer was incarcerated.").

An appropriate Judgment follows.

S_____
**Curtis V. Gomez
District Judge**